[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION (DATED MAY 15, 1991) ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff has established by affidavits in support of this motion that its mortgage is a first lien on the property, the debt owed to it is $3,749,789.42, as of May 13, 1991, and the appraised value of the subject property is $3,100,000. The defendants have not presented any evidence challenging these facts. Defendants rely on the allegations of their counterclaim to offset the amount due plaintiff. But that counterclaim has been stricken by the court.
The plaintiff brought the foreclosure action on September 10, 1990, naming the defendants Hill Colbert and Thomas N. Pariseleti, d/b/a Colbert and Pariseleti Developers as makers of the note dated March 27, 1985 and mortgagors of the mortgage being foreclosed upon. The complaint further alleges that Colbert and Pariseleti conveyed the subject property to defendant Avon Park South Associates Limited Partnership. In that complaint plaintiff's claim for relief, in addition to foreclosure of the mortgaged premises, immediate possession, reasonable attorney's fees and appointment of a securer of rents, also sought monetary damages and a deficiency judgment.
On November 14, 1990, defendants Colbert and Pariseleti filed an answer alleging a special defense that the note specifically prohibited a deficiency judgment against them and that the guaranty was terminated by virtue of its condition being satisfied. Defendants also alleged a counterclaim against plaintiff in four counts: that plaintiff brought this foreclosure action against them claiming deficiency judgment (1) negligently, (2) wilfully and wantonly, (3) in bad faith and (4) in violation of CUTPA.
On December 10, 1990 plaintiff revised its complaint to CT Page 5716 eliminate claims against the defendants for monetary damages and for a deficiency judgment.
There is no question defendants as makers of the note, as mortgagors of the mortgaged being foreclosed and as holders of a second mortgage on the property are necessary parties to this action. The sole question is whether plaintiff's claim, in its September 1990 complaint, for monetary damages and for a deficiency judgment against defendants, which claim was dropped in its revised December 1990 complaint, can be the basis for defendants' counterclaim.
Bringing an unfounded suit against a party does not give rise to a cause of action unless it is vexatious. Allegations of an unfounded suit brought negligently, wilfully, wantonly or even in bad faith do not state a cause of action and defendants cite no cases substantiating such a cause. The elements of a vexatious suit are (1) want of probable cause, (2) malice, and (3) termination of the suit in plaintiff's favor. Vandersluis v. West, 170 Conn. 353, 356 (1978). Defendants do not allege any of these elements in their counterclaim.
Here the defendants' counterclaim is even thinner because they are proper defendants in this foreclosure action and the only basis of their counterclaim is plaintiff's claim for monetary damages and a deficiency judgment, subsequently withdrawn. Defendants cite no cases holding that an unfounded claim for relief in an action properly brought against them creates a cause against the plaintiff on any of the bases alleged by the defendant, including the CUTPA claim.
The motion for summary judgment is granted.
ROBERT SATTER, J.